1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   U.S. BANK NATIONAL ASSOCIATION,

11               Plaintiff,                   NO. 2:12-cv-2864 GEB GGH PS

12          vs.

13   ROTONDA R. LLOPIS, et al.,
                                          FINDINGS AND RECOMMENDATIONS
14               Defendants.

15   _____/

16          This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

17   It was removed from state court on November 26, 2012.  A district court has "a duty to establish

18   subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the

19   issue or not."  United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir.

20   2004); see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190,

21   1192 (9th Cir. 2003).  Having reviewed the notice of removal, the court finds that the action

22   should be remanded to state court due to lack of subject matter jurisdiction.

23          Removal jurisdiction statutes are strictly construed against removal.  See Libhart

24   v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

25   rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980

26   F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

invoking removal." <u>Harris v. Provident Life and Accident Ins. Co.</u>, 26 F.3d 930 (9th Cir. 1994), *overruled on other grounds by* <u>Leeson v. Transamerica Disability Income Plan</u>, 671 F.3d 969, 979 (9th Cir. 2012).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A state court defendant cannot invoke the federal court's original jurisdiction, but he may in some instances invoke the court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction.  The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal law is insufficient to permit removal.  <u>See</u> <u>Smith v. Industrial Valley Title Ins. Co.</u>, 957 F.2d 90, 93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court.  <u>See</u> <u>Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994); <u>FIA Card Servs. v. McComas</u>, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by defendant on the basis that defendant's counterclaim raised a federal question).

Here, the exhibits attached to the removal petition establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such.  (<u>See</u> Dkt. No. 1, at pp. 9-11.)  This court has no jurisdiction over unlawful detainer actions which are strictly within the province of the state court.  Defendant Rotonda Llopis' removal petition includes claims of denial of due process and equal protection, but also asserts diversity jurisdiction, apparently challenging the foreclosure proceedings related to her property.

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.  Contrary to defendant's assertion that the amount in controversy exceeds $75,000 in this case, the measure of damages is limited to the amount sought in the complaint, not the value of the property.  Signet Doman, LLC v. Sam Aintablian, 2012 WL 5512388 (C.D. Cal. Nov. 14, 2012).   Here, the complaint seeks possession of the subject property as well as damages in the amount of $50 per day that defendants continue in possession of the property.  (See Dkt. No. 1, at pp. 9-11.)  These requested damages do not satisfy the amount in controversy requirement.  If the rule were otherwise, federal courts would become the ultimate authority for unlawful detainer actions in the vast majority of cases, even though unlawful detainer is a matter of concern particularly for the state courts.

In sum, as discussed above, these purported counterclaims cannot provide a sufficient basis to remove the action to federal court, and there is no diversity jurisdiction.  Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  The action be remanded to the Solano County Superior Court;

2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the Solano County Superior Court, and reference the state case number (FCM 122581) in the proof of service; and

3.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

1   objections shall be served and filed within seven (7) days after service of the objections.  The

2   parties are advised that failure to file objections within the specified time may waive the right to

3   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: November 28, 2012

5

6                             <u>/s/ Gregory G. Hollows</u>
                          UNITED STATES MAGISTRATE JUDGE

7

8   GGH/076
  U.S.Bank2864.rem.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26